UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOHAMMAD ALNABULSI,

    Plaintiff,

v.                                                       Case No. 24-C-300

RACINE POLICE DEPARTMENT,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Mohammad Alnabulsi, who is currently incarcerated at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Alnabulsi's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Alnabulsi has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Under §1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Alnabulsi has informed the Court that, despite numerous efforts, he has been unable to secure a copy of his trust account statement. He explains that he owes the jail nearly $700 and that he last received a deposit (of $50) ten months ago. Dkt. No. 10. Although it is not clear from Alnabulsi's

letter, the Court presumes that the jail charges inmates for copies of their trust account statements and is unwilling to allow Alnabulsi to go further into debt for this purpose. The Court is satisfied that Alnabulsi wants to continue with this case and that he has made sufficient efforts to comply with the statute and the Court's orders. Accordingly, the Court concludes that Alnabulsi lacks the assets or means to pay an initial partial filing fee, and so it will grant his motion to proceed *in forma pauperis*. 28 U.S.C. §1915(b)(4). Alnabulsi will be required to pay the $350 filing fee over time in the manner directed at the end of this decision.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Alnabulsi, in 2023 he was charged with assaulting an officer. Alnabulsi asserts that the Racine Police Department never investigated. He points to the fact that the victim was male, but the investigator identified the victim as female. Dkt. No. 1 at 4.

### THE COURT'S ANALYSIS

Alnabulsi fails to state a claim based on allegations that the police department did not adequately investigate the charges filed against him. According to the Wisconsin Circuit Court Access website, Alnabulsi had an initial appearance on February 27, 2023, on charges that, as a prisoner, he threw bodily substances on an officer. *See Wisconsin v. Alnabulsi*, Racine County Case No. 2023CF000289. At that hearing, the court found probable cause for the complaint. In light of this finding, Alnabulsi's conclusory allegations regarding an inadequate investigation are without merit and his highlighting of a typo in the investigator's report regarding the gender of the alleged victim is meaningless. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Braun v. Village of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) ("[t]he existence of probable cause to arrest is an absolute defense to any

3

§ 1983 claim against a police officer for false arrest"). Finally, Alnabulsi cannot sue the Racine Police Department because it is not a "person" under §1983. *Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) (see asterisk to case caption).

The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if Alnabulsi believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **May 24, 2024**. If Alnabulsi cannot cure the deficiencies in the original complaint, he need not take any further action. Alnabulsi is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Alnabulsi's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Alnabulsi's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 24, 2024**, Alnabulsi may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. If he cannot, he need not take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Alnabulsi a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Alnabulsi shall collect from his institution trust account the $350 filing fee by collecting monthly payments from

4

Case 1:24-cv-00300-WCG   Filed 04/24/24   Page 4 of 6   Document 12

Alnabulsi's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Alnabulsi is transferred to another institution, the transferring institution shall forward a copy of this Order along with Alnabulsi's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Alnabulsi is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Alnabulsi is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

5

Case 1:24-cv-00300-WCG   Filed 04/24/24   Page 5 of 6   Document 12

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this  24th   day of April, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge