UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOHAMMAD ALNABULSI,

        Plaintiff,

        v.                                  Case No. 24-C-300

RACINE POLICE DEPARTMENT,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Mohammad Alnabulsi, who is incarcerated at the Racine County Jail, is representing himself in this 42 U.S.C. §1983 action. On April 24, 2024, the Court screened the complaint and gave Alnabulsi an opportunity to file an amended complaint by May 24, 2024. The Court warned Alnabulsi that if he did not file an amended complaint by the deadline, the Court would dismiss this action based on his failure to state a claim in the original complaint. The deadline has passed, and Alnabulsi did not file an amended complaint or inform the Court of any reason preventing him from doing so.

**IT IS THEREFORE ORDERED** that, for the reasons explained in the screening order (Dkt. No. 12), this action is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The Clerk of Court shall document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) and shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 3rd day of June, 2024.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.